IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PTAH NEFERURA, also known as<br>BRYON KEITH BLUEITT | ) | 4:10CV3194 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| FRED BRITTEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Leave to Appeal In Forma Pauperis (filing no. 16) and Motion for Certificate of Appealability (filing no. 18). Petitioner filed his Petition for Writ of Habeas Corpus on October 4, 2010, asserting claims relating to his first degree murder conviction. (Filing No. 1.) On February 2, 2011, the court dismissed Petitioner's claims and entered judgment in favor of Respondent. (Filing Nos. 13 and 14.) Petitioner thereafter filed a timely Notice of Appeal. (Filing No. 15.)

## I.     *Leave to Appeal in Forma Pauperis*

Pending before the court is Petitioner's Motion for Leave to Appeal In Forma Pauperis. (Filing No. 16.) Pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering Petitioner's financial status as shown in the records of this court, leave to proceed in forma pauperis on appeal will be granted and Petitioner is relieved from paying the appellate filing fee at this time.

## II.     *Application for Certificate of Appealability*

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph(2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

After careful review of the record and Petitioner's Motion for Certificate of Appealability, the court finds that Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in its February 2, 2011, Memorandum and Order (filing no. 13), which dismissed Petitioner's habeas claims because they are barred by the applicable statute of limitations, the court declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion for Leave to Appeal In Forma Pauperis (filing no. 16) is granted.

2.    Petitioner's Motion for Certificate of Appealability (filing no. 18) is denied without prejudice to reassertion before the Eighth Circuit.

3

3.    The Clerk of the court shall provide the Court of Appeals a copy of this Memorandum and Order.

DATED this 11th day of March, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4